UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED D. ROGERS, | ) | CASE NO.   4:07CV2598 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| V. SHARTLE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On August 27, 2007, *pro se* petitioner Alfred D. Rogers filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 as well as the Administrative Procedures Act (APA), 5 U.S.C. §§ 553 and 701 *et seq*. Mr. Rogers is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), and names F.C.I. Elkton Warden V. Shartle as respondent. It is Mr. Rogers's belief that the actions of the respondent violate his right to due process protection because they result in the "arbitrary loss of the statutory right provisions under existing Policy Statement 5100.08 by an 'exaggerated response' to such extent as to render existing P.S. 5100.08 incompetent." (Pet. at 3.) For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Factual and Procedural Background*

Mr. Rogers is serving a 181 month prison term for conspiracy to distribute and possession with intent to distribute cocaine base. He is presently being housed in an F.C.I. Elkton Low Security Level facility. During his term he allegedly earned "out custody points," which prompted him to request placement in a prison camp. His request was denied based on the fact that his management variable was at a "Greater Security" level. Petitioner challenged this decision based on his belief that the management variable was "exaggerated" and that his Case Manager was biased against him. He contended that despite the Case Manager's opinion, he had in fact participated in programs that made him eligible for camp placement and that a denial of his request was discriminatory.

On April 3, 2007, T.R. Sniezek, F.C.I. Elkton's warden at the time, received Mr. Rogers's Request for Administrative Remedy. His review indicated that as of February 16, 2007, petitioner was classified as a "'minimum security' level inmate with IN custody." (Letter of 4/10/07 from Sniezek to Rogers). Despite this Custody Classification, the DSCC Administrator determined that the most appropriate level of security required and applied a Management Security Level (MSL). This action was taken in accordance with Bureau of Prisons (BOP) Program Statement 5100.08, INMATE SECURITY DESIGNATION AND CUSTODY CLASSIFICATION MANUAL, wherein it provides that "there may be security concerns which are not adequately reflected in the classification scheme,[and] [i]n circumstances where an inmate represents a greater security risk than their assigned security level, the inmate may be placed in an institution outside normal guidelines."  (Letter of 4/10/07 from Sniezek to Rogers). The warden noted that the application of the Greater Security Management Variable allowed petitioner's continued placement at a

2

low-security level facility, but ineligibility for transfer to a prison camp.

In addition to the classification issue, the warden reviewed Mr. Rogers's Inmate Education Data which indicated that he had only completed 3 Release Preparation Courses (RPP). In spite of the fact that his Unit Team consistently recommended his active program involvement, the warden pointed out that petitioner's "Inmate Educational Data indicates that [he had] [. . .] not actively participated in any recommended programs." (Letter of 4/10/07 from Sniezek to Rogers) It was based on these findings that petitioner's administrative request was denied by the warden.

Mr. Rogers took appropriate measures to exhaust his administrative remedies through to the National Inmate Appeals Administrator Harrell Watts. Mr. Watts denied petitioner's appeal on July 31, 2007 for the same reasons set forth by the warden. He explained that the "intent of P.S. 5100.08 is to allow staff to use professional judgement [sic] in decisions involving custody classification within specific guidelines to determine the appropriate institution assignment for an inmate." (Letter of 7/31/07 from Watts to Rogers). In Mr. Rogers's case, the BOP determined that it was not beyond the discretion of the prison staff to apply an MSV of "Greater Security," thus precluding his placement in a prison camp.

In his petition before this court, Mr. Rogers argues that the provision in P.S. 5100.08 which permits an inmate to be placed in an institution outside normal guidelines because he represents a greater security risk, is an "impairment of an obligation to Rogers' camp placement in a facility commensurate for [sic] his security needs." (Pet. at 3.) This deprivation of his due process protection from arbitrary loss of the statutory right provisions under existing Policy Statement 5100.08 by an 'exaggerated response' [has rendered] [. . .] P.S. 5100.08 incompetent." (Pet. at 3.) He asserts that the respondent has engaged in an unconstitutional use of delegation of

3

authority to his staff in violation of the APA and this has deprived petitioner of a "liberty or property right guaranteed by the First, Fifth, and Fourteenth Amendment to the United States Constitution." (Pet. at 3.)

### *Administrative Procedures Act*

The APA instructs that any person detrimentally affected by an agency decision is entitled to judicial review of that decision. *See* 5 U.S.C. § 702. However, such review is not afforded in cases where (1) the statute precludes review; or (2) the action complained of has been committed to agency discretion. *See* 5 U.S.C. § 701(a).

Before the court can examine whether the action complained of is discretionary, it must determine a basis for its jurisdiction. The APA does not provide a federal court with any independent basis for jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. *See Dixie Fuel Co. v. Commissioner of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir.1999) (citing *Califano*, 430 U.S. at 107). Therefore, the court will now examine whether a basis exists for its jurisdiction under 28 U.S.C. § 2241.

### *28 U.S.C. § 2241*

Courts have uniformly held that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Here, Mr. Rogers is clearly challenging the manner in which his prison sentence is to be served. Inasmuch as petitioner is serving that sentence within

4

this court's personal jurisdiction, Mr. Rogers has properly filed this action against his current custodian, F.C.I. Elkton Warden V. Shartle. *See Vasquez v. Reno*, 233 F.3d 688, 690-91 (1st Cir. 2000)(prisoner's proper custodian for purposes of habeas review is warden of facility where he is being held). Moreover, he has fully exhausted his administrative remedies and the matter is ripe for review by this court. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)(federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

## *Prisoner Classification*

It is Mr. Rogers's underlying concern that the respondent has imposed a classification that has the net effect of infringing on his "right" to be placed in a prison camp. This, however, presupposes two fallacies; namely, that prisoner's have a liberty interest in being placed in a prison camp and it is beyond the discretion of the BOP to classify prisoners.

The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. 18 U.S.C. § 4081; 28 C.F.R. § 0.96. *See e.g., Peck v. Hoff*, 660 F.2d 371 (8th Cir.1981). The Supreme Court has clearly held that a challenge to classification, without more, fails to implicate a protected liberty interest upon which to base a procedural due process claim. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that prison classification and eligibility for rehabilitative programs in federal system are matters delegated by Congress to discretion of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). More importantly, Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims. *Id*. at 88, n. 9.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.[1] The court

5

certifies that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


Dated:   November 9, 2007                      _s/   Sara Lioi_
                                                  HONORABLE SARA LIOI
                                                  UNITED STATES DISTRICT JUDGE

---

[1]The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .] , *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."